**In re Thomas R. MAHER, Relator.**

**No. 2–04–094–CV.**

Court of Appeals of Texas,
Fort Worth.

Aug. 26, 2004.

---

908

The Maher Law Firm, and Constance M. Maher, Arlington, for relator.

John K. Vaughan, M. Nathan Barbera, and Dean P. Tailor, Grand Prairie, for real party in interest.

PANEL A: LIVINGSTON, DAUPHINOT, and McCOY, JJ.

## OPINION

LEE ANN DAUPHINOT, Justice.

Relator Thomas R. Maher filed this petition for writ of mandamus after the trial court denied his motion to compel documents that real party in interest United Services Automobile Association (RPI) alleged were privileged work product. Relator seeks vacation of the trial court's order denying his motion to compel and issuance of an order compelling RPI to produce all documents sought in his request for production. Because we hold that the trial court abused its discretion by ruling that the withheld documents were privileged, we conditionally grant mandamus relief.

## BACKGROUND

On July 13, 2000, Relator's car was broad-sided by an SUV that ran a red light. Based on the nature and extent of Relator's injuries, the insurance company of the negligent driver offered to pay the $20,000 policy limits. As required by Relator's underinsured motorist coverage with RPI, Relator requested and received written permission to accept the driver's policy limits.

On June 25, 2001, Relator applied for his $10,000 personal injury protection policy limits, submitting to RPI over $15,500 in medical bills from the July 13, 2000 wreck. RPI sent him a $282 check. Relator then provided RPI with reports from two board-certified orthopedic surgeons that showed $137,024 in future medical expenses from the wreck. Three different RPI adjusters offered no coverage under Relator's underinsured motorist policy. Each of these three adjusters has either left RPI or retired.

On July 10, 2002, Relator filed suit against RPI claiming breach of contract, DTPA violations, unfair insurance practices under article 21.21,[1] and breach of the duty of good faith and fair dealing. RPI filed a motion to sever and abate the "bad faith" claims, which the trial court denied. Four months later, Relator filed a motion to compel discovery because, in response to the twenty-six requests made, RPI had not provided Relator with any production other than the documents Relator himself had provided to RPI. RPI then filed a motion for reconsideration of its motion for severance and abatement. The trial court granted the severance and abatement before hearing the motion to compel.

At the hearing on the motion to compel, the trial court overruled all of RPI's objections to Relator's requests except for its claims of privileged work product, which the trial court took under advisement based on RPI's failure to provide a privilege log. The court ordered RPI to pro-

---

1. *See* TEX. INS.CODE ANN. art. 21.21 (Vernon Supp.2004–05).

vide a privilege log by the following Monday.

RPI filed its privilege log as ordered, and upon receipt of the privilege log, Relator filed an objection to the sufficiency of the log and requested a rehearing on the motion to compel. Relator alleged that RPI's privilege log did not meet the requirements of Rule 193.3 of the Texas Rules of Civil Procedure.[2] At the rehearing on the motion to compel, RPI provided more than 200 pages of withheld documents for an in camera inspection, and the trial judge stated at the beginning of the rehearing that he was not prepared to make a ruling because he had not yet reviewed the documents. Relator, however, directed the trial court to the inadequacy of the privilege log. He argued that RPI did not meet its burden to describe the withheld documents in a manner that would enable him to assess the applicability of the privilege, and therefore the burden was still on RPI at that point to prove the privilege claims. RPI nevertheless did not present any evidence by affidavit or testimony to support the claimed privilege. A month after the rehearing, Relator received an order from the trial court denying the motion to compel.

In two issues, Relator now argues that the trial court abused its discretion by ruling that documents created before litigation were "privileged" as work product and exempt from discovery although no evidence of when RPI "anticipated litigation" was presented and by denying Relator's motion to compel because RPI's objections to the requests for production were both waived and overruled.

## DISCUSSION

### Adequacy of Appeal

▬ Mandamus is an extraordinary remedy that will issue to correct a clear abuse of discretion only if the relator lacks an adequate remedy by appeal.[3] A trial court clearly abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law."[4] A trial court has no discretion in determining what the law is or applying the law to the facts.[5] Thus, a clear failure to analyze or apply the law correctly will constitute an abuse of discretion and may result in appellate reversal by extraordinary writ.[6]

▬ In the discovery context, remedy by appeal is not adequate where a party is required "to try his lawsuit, debilitated by the denial of proper discovery, only to have that lawsuit rendered a certain nullity on appeal."[7] Remedy by appeal is likewise not adequate where the trial court's discovery order disallows discovery that cannot be made a part of the appellate record, thereby denying the reviewing court the ability to evaluate the effect of the trial court's error.[8]

---

2. See Tex.R. Civ. P. 193.3.

3. In re Nitla S.A. de C.V., 92 S.W.3d 419, 422 (Tex.2002).

4. In re Hinterlong, 109 S.W.3d 611, 621 (Tex. App.-Fort Worth 2003, orig. proceeding) (quoting Walker v. Packer, 827 S.W.2d 833, 839 (Tex.1992)).

5. Id.

6. Walker, 827 S.W.2d at 840; see also In re Allstate County Mut. Ins. Co., 85 S.W.3d 193, 195–96 (Tex.2002).

7. Walker, 827 S.W.2d at 841 (quoting Jampole v. Touchy, 673 S.W.2d 569, 576 (Tex.1984) (orig.proceeding)).

8. In re Colonial Pipeline Co., 968 S.W.2d 938, 941 (Tex.1998) (orig.proceeding); Walker, 827 S.W.2d at 843–44.

## Attorney Work–Product Privilege

■ Under Texas law, evidence is presumed discoverable.[9] One exception to the rule that evidence is generally discoverable is that attorney "work product" is protected from disclosure by privilege. Work product comprises:

(1) material prepared or mental impressions developed in anticipation of litigation or for trial by or for a party or a party's representatives, including the party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; or

(2) a communication made in anticipation of litigation or for trial between a party and the party's representatives or among a party's representatives, including the party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents.[10]

Work product, other than core work product, is discoverable only upon a showing that the party seeking discovery has a substantial need for the materials in the preparation of the party's case and the party is unable, without undue hardship, to obtain the substantial equivalent of the material by other means.[11]

■ Although the privilege protects against the disclosure of specific documents, communications, reports, mental impressions, memoranda, conclusions, opinions, or legal theories prepared and assembled in actual anticipation of litigation, it is not an umbrella for protecting materials gathered in the ordinary course of business.[12] A document is not privileged simply because it was created by an attorney or is contained in an attorney's file.[13]

■ The Texas Supreme Court has set forth a two-part test to determine whether a document has been prepared in anticipation of litigation.[14] A document is prepared in actual anticipation of litigation if: (1) a reasonable person would have concluded from the totality of the circumstances that there was a substantial chance that litigation would ensue (the objective standard); and (2) the party resisting discovery believed in good faith that there was a substantial chance that litigation would ensue and prepared the document(s) for the purposes of preparing for such litigation (the subjective standard).[15]

■ For the privilege to apply, preparation for litigation must be the primary motivating purpose underlying the creation of the document.[16] A document is not prepared "in anticipation of litigation" if it is in fact prepared for some other purpose.[17] Although there is no set statistical probability to define substantial chance that litigation would ensue, it simply means that it is more than a mere abstract possibility or unwarranted fear.[18]

---

9. *See In re E.I. DuPont de Nemours & Co.,* 136 S.W.3d 218, 225 (Tex.2004) (orig.proceeding).

10. Tex.R. Civ. P. 192.5(a).

11. Tex.R. Civ. P. 192.5(b)(2).

12. *Nat'l Tank Co. v. Brotherton,* 851 S.W.2d 193, 200 (Tex.1993).

13. *Nat'l Union Fire Ins. Co. v. Valdez,* 863 S.W.2d 458, 460 (Tex.1993).

14. *Brotherton,* 851 S.W.2d at 195, 204–05 (modifying the rule originally stated in *Flores*

*v. Fourth Court of Appeals,* 777 S.W.2d 38, 41 (Tex.1989)).

15. *Id.*

16. *Flores,* 777 S.W.2d at 42; *Henry P. Roberts Invs. v. Kelton,* 881 S.W.2d 952, 955 (Tex. App.-Corpus Christi 1994, no writ).

17. *Brotherton,* 851 S.W.2d at 204.

18. *Id.*

Upon receipt of a request for discovery, to protect privileged information or material, the discovery rules state that the party should not object to the request but may withhold the privileged material. The party must, however, state in the response: (1) that information or material responsive to the request has been withheld, (2) the request to which the information or material relates, and (3) the privilege or privileges asserted.[19] The party seeking the discovery may then serve a written request that the withholding party identify the information and material withheld.[20] Within fifteen days of service of the request, the withholding party must serve a privilege log: (1) that describes the information or materials withheld that, without revealing the privileged information itself or otherwise waiving the privilege, enables other parties to assess the applicability of the privilege, and (2) asserts a specific privilege for each item or group of items withheld.[21] Thus, the description of the information or material withheld must be specific enough that the requesting party can identify each document withheld and assess the applicability of that privilege.[22] Any party may then request a hearing on a claim of privilege asserted.[23]

Because there is no presumption that documents are privileged,[24] the party who seeks to limit discovery by asserting a privilege has the burden of proof.[25] The party asserting the privilege must present necessary evidence at the hearing by testimony or affidavit, served at least seven days before the hearing, to support the privilege.[26] The privilege log is not proof; a prima facie case for the privilege must be proved by evidence necessary to support the privilege.[27] "The prima facie standard requires only the 'minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true.'"[28] A prima facie case is required to prevent trial judges from being compelled to inspect untold numbers of documents.[29] Only after the party asserting a privilege has made a prima facie case—provided the proper privilege log and presented evidence supporting the privilege at the hearing—does the requesting party have the burden to point out to the court which specific documents or groups of documents it believes require an in camera inspection.[30] The court must then determine whether an in camera inspection is required for the challenged documents.[31] If an in camera inspection is required, the court may order the documents tendered or the party asserting the privilege may tender the documents to the trial court.

19. Tex.R. Civ. P. 193.3(a).

20. Tex.R. Civ. P. 193.3(b).

21. *Id.*

22. *Id.*

23. Tex.R. Civ. P. 193.4(a).

24. *DuPont,* 136 S.W.3d at 225; *State v. Lowry,* 802 S.W.2d 669, 671 (Tex.1991); *Oyster Creek Fin. Corp. v. Richwood Invests. II,* 957 S.W.2d 640, 647 (Tex.App.-Amarillo 1997, pet. denied).

25. *DuPont,* 136 S.W.3d at 223.

26. *Id.*

27. *In re Monsanto Co.,* 998 S.W.2d 917, 926, 929 (Tex.App.-Waco 1999, orig. proceeding).

28. *DuPont,* 136 S.W.3d at 223 (quoting *Tex. Tech Univ. Health Scis. Ctr. v. Apodaca,* 876 S.W.2d 402, 407 (Tex.App.-El Paso 1994, writ denied)).

29. *Monsanto Co.,* 998 S.W.2d at 925.

30. *See DuPont,* 136 S.W.3d at 226–27.

31. *Id.* at 223.

After reviewing the documents, the trial court must then decide whether the privilege applies.[32]

■ Because the scope of discovery and the admissibility of evidence is principally within the discretion of the trial judge,[33] unless there is a clear abuse of discretion, the trial court's ruling should not be disturbed on appeal.[34]

## ANALYSIS

■ In this case, disregarding RPI's failure to provide Relator with a privilege log within the fifteen days required by the rule, the privilege log RPI ultimately filed pursuant to the trial court's order does not begin to meet the requirements of Rule 193.3. The log states, for example, "internal computer records, claim activity logs and file notes as work product made in anticipation of litigation with an anticipation of litigation date of July 9, 2001" as an item withheld. RPI's other four claims of privilege in its log, which are asserted to withhold all of the documents requested in all of Relator's twenty-six requests for production, are equally broad and nonspecific. Without any indication, at the very least, of the author and the date the records, logs, and notes were created, the privilege log does not allow Relator or the trial court to assess the applicability of the privilege.[35]

■ Furthermore, without any supporting evidence by affidavit or testimony, a reasonable person would not have expected litigation to result on July 9, 2001, which is a year after the accident occurred and a year before Relator filed suit. Without supporting evidence, July 9, 2001 does not appear to have any significance to the suit. Thus, the first prong of the test for anticipation of litigation is not satisfied.[36]

Because RPI failed to satisfy the subjective requirement of whether it, in good faith, anticipated litigation—it has not filed affidavits, nor did it provide testimony at the hearing to support its claim of privilege—we do not reach the second prong of the test.[37] Thus, RPI has not provided the trial court with prima facie proof that the documents were prepared in anticipation of litigation because it failed both to provide an adequate description of the documents in its privilege log as required by the Texas Rules of Civil Procedure and to provide supporting evidence of the claimed privilege by testimony or affidavits.[38] By merely producing over 200 pages of documents without making a prima facie case, RPI did exactly what the rule is designed to prevent—it required the trial judge to inspect hundreds of documents.[39] Because RPI failed to make a prima facie case of privilege, the burden never shifted to Relator to challenge the privilege,[40] and we do not reach the propriety of the in camera inspection of the documents. Further, Re-

32. See In re Carbo Ceramics, Inc., 81 S.W.3d 369, 373–74 (Tex.App.-Houston [14th Dist.] 2002, no pet.); Marathon Oil Co. v. Moye, 893 S.W.2d 585, 590 (Tex.App.-Dallas 1994, no writ).

33. Ginsberg v. Fifth Court of Appeals, 686 S.W.2d 105, 108 (Tex.1985).

34. Flores, 777 S.W.2d at 41.

35. See, e.g., id.; In re Toyota Motor Corp., 94 S.W.3d 819, 823–24 (Tex.App.-San Antonio 2002, orig. proceeding); Monsanto Co., 998 S.W.2d at 925.

36. See Brotherton, 851 S.W.2d at 195.

37. See id.

38. See DuPont, 136 S.W.3d at 223, 226; Marathon, 893 S.W.2d at 591.

39. See Monsanto Co., 998 S.W.2d at 925.

40. See DuPont, 136 S.W.3d at 226–27.

lator's petition is restricted to privilege issues. To the extent RPI's arguments relate to the severance and abatement of the bad faith causes of action, those arguments are outside the scope of the issues before us.

Consequently, because RPI did not meet its burden of proof, the trial court abused its discretion by finding the documents privileged.

### CONCLUSION

Having held that RPI failed to prove the claimed privilege, we hold that the trial court abused its discretion by ruling that the documents were privileged. We therefore conditionally grant Relator's petition for writ of mandamus. We are confident that the trial court will vacate its order denying Relator's motion to compel and will compel the production of documents withheld on the basis of work product privilege. Our writ will issue only if the trial court refuses to do so.