**In re John ANDERSON, Jr.**

**No. 04–04–00676–CV.**

Court of Appeals of Texas, San Antonio.

March 2, 2005.

---

David Van Os, Heidi L. Widell, David Van Os & Associates, P.C., San Antonio, for appellant.

Amy M. Eubanks–Perkins, Asst. City Atty., San Antonio, for appellee.

Sitting: KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by KAREN ANGELINI, Justice.

Relator John Anderson, Jr., seeks a writ of mandamus ordering respondent, the Honorable Martha Tanner, to vacate her order denying his motion to compel and to enter an order compelling the real parties in interest to produce the memorandum at issue. Because we conclude that Anderson is entitled to the relief sought, we conditionally grant the writ.

### BACKGROUND

John Anderson, Jr., a Lieutenant in the Hazmat Division of the San Antonio Fire Department and a member and chief spokesman for the Union during contract negotiations with the City of San Antonio, sought part-time, off-duty employment. On January 1, 2001, he submitted a request to the Fire Chief Robert Ojeda, asking that he be allowed to work part-time for Employee Benefit Administrators ("EBA"), the City's third party benefits administrator, as a public relations representative. On February 11, 2002, Chief Ojeda, in a letter, denied Anderson's request to work part-time for EBA. In the letter, Chief Ojeda stated that he was denying the request because "the City Attorney's office has advised that you cannot represent EBA before the City. Ms. Roxanna Gonzales [in the attached correspondence] identifies the particular sections of the City's Ethics Code that prohibits this action." Attached to the letter was another letter dated February 11, 2002, from Roxanna Gonzales to Tom Stolhandske, EBA's attorney. In the letter, Roxanna Gonzales states that Anderson "may not represent EBA before the City":

It has come to my attention that Mr. John Anderson will be delivering identification cards to the Employee Benefits Office on behalf of Employee Benefits Administrators, Inc. on February 12th and 13th. As you will recall from the correspondence from this office dated February 8, 2002, the Ethics Code of the City of San Antonio provides standards

of conduct for, among others, persons doing business with the City and City employees. These standards of conduct are mutually exclusive.

Part B, Section 5(b) of the Code prohibits a City employee from representing any entity before the City. Representation before the City is defined as "*a presentation of fact—either by words or by conduct—made to induce someone to act [before the City Council; before a board, commission, or other city entity; or before a city official or employee ].*" Pursuant to this section, Mr. Anderson may not represent EBA before the City.

On February 13, 2002, Anderson resigned from EBA. Believing that the Chief's decision to not allow Anderson to work for EBA was related to Anderson's position as a union negotiator, Anderson sued the City, Ojeda, and Gonzales ("the City") for monetary damages and equitable relief for allegedly violating his right to engage in union membership and activities without reprisal and for interfering with this existing contractual relationship with EBA.[2] On April 12, 2002, Anderson served the City with his requests for production. In particular, Anderson requested the following:

> Request for Production No. 1: Copies of all Defendant City of San Antonio's (including but not limited to the Fire Department and the City Attorney's office) internal notes, memoranda, and correspondence (handwritten or otherwise, including electronic mail and faxes) relating to Plaintiff John Anderson, Jr.'s employment with Employee Benefit Administrators ("EBA").

> Request for Production No. 2: Copies of all Defendant City of San Antonio's (including but not limited to the Fire Department and the City Attorney's office)

internal notes, memoranda, and correspondence (handwritten or otherwise, including electronic mail and faxes) relating to the City's contention that Plaintiff John Anderson, Jr.'s employment with EBA was violative of the provisions of the Code of Ethics listed below at paragraph 3.

In response to request for production no. 1, the City responded, "See attached documents at Tab A." In response to request for production no. 2, the City responded, "See response to request for production no. 1."

On December 17, 2003, while deposing Roxanna Gonzales, Anderson learned for the first time that in January of 2002, Gonzales received a request to prepare and did prepare a legal memorandum discussing whether Anderson's employment with EBA violated the Ethics Code. When Anderson's counsel asked about the contents of the memorandum, the City's attorney objected, asserting that the memorandum was protected by attorney-client privilege. On April 16, 2004, Anderson's attorney mailed the City's attorney a letter "formally" requesting that the City produce the document. On June 2, 2004, the City's attorney responded in a letter that the City would not produce the memorandum because it was protected by attorney-client privilege. Anderson filed a motion to compel production of the memo. Judge Tanner denied Anderson's motion. Anderson has now filed this petition for writ of mandamus seeking relief.

## STANDARD OF REVIEW

██ Mandamus will lie only to correct a clear abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992) (orig.proceeding). A clear abuse of discre-

---

**2.** These are the claims asserted in Anderson's Fifth Amended Petition filed on July 23, 2003.

Anderson filed his original petition on April 12, 2002.

tion occurs when a court issues a decision which is without basis or guiding principles of law. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985) (orig.proceeding). Moreover, there must be no other adequate remedy at law. *Walker*, 827 S.W.2d at 840.

■ The supreme court has held that denial of discovery "going to the heart of a party's case may render the appellate remedy inadequate." *In re Allstate County Mut. Ins. Co.*, 85 S.W.3d 193, 196 (Tex. 2002) (orig.proceeding); *Walker*, 827 S.W.2d at 843. The City argues that Anderson has not shown that the memorandum goes to the "heart" of his case. We disagree. In his claim against the City for interfering with protected union activities, Anderson alleges that the given reason for the denial of his request for outside employment, a possible violation of the ethics code, was a pretext for the true reason, retaliation for his role "as spokesperson of the Union's collective bargaining team." According to Anderson, the memorandum will show that Roxanna Gonzales's professional opinion was either that she believed Anderson's proposed employment would violate the ethics code or that it would not. If Roxanna Gonzales stated in the memorandum that she did not believe that Anderson's proposed employment would violate the ethics code, that memorandum would be evidence that the City's denial of Anderson's request based on a possible ethics violation was a pretext.[3] Such evidence would indeed go to the heart of Anderson's case. We, therefore, hold that Anderson does not have an adequate remedy by appeal.

## DISCUSSION

■ Anderson argues that the City has waived any privilege by not complying with Texas Rule of Civil Procedure 193.3. Upon receipt of a request for discovery, to protect privileged information or material, a party should not object to the request based on privilege. *See* TEX.R.APP. P. 193 cmt. 3 ("This rule governs the presentation of all privileges including work product. It dispenses with objections to written discovery requests on the basis that responsive information or materials are protected by a specific privilege from discovery."). Instead, rule 193 "requires parties to state that information or materials have been withheld and to identify the privilege upon which the party relies." *Id.* Thus, instead of objecting to discovery based on privilege, a party may withhold the privileged material. *In re Maher*, 143 S.W.3d 907, 913 (Tex.App.-Fort Worth 2004, orig. proceeding). However, pursuant to rule 193.3(a), the party must state "in the response (or an amended or supplemental response) or in a separate document" that "(1) information or material responsive to the request has been withheld, (2) the request to which the information or material relates, and (3) the privilege or privileges asserted." TEX.R. CIV. P. 193.3(a); *In re Maher*, 143 S.W.3d at 913. Then, the party seeking the discovery may serve a written request that the withholding party identify the information and material withheld. TEX.R. CIV. P. 193.3(b); *In re Maher*, 143 S.W.3d at 913. Within fifteen days of service of the request, the withholding party must serve a privilege log: (1) that describes the information or materials withheld that, without revealing the privileged information itself or otherwise waiving the privilege, enables other parties to assess the applicability of the privilege, and (2) asserts a specific privilege for each item or group of items withheld. TEX.R. CIV. P. 193.3(b); *In re Maher*, 143 S.W.3d at 913. Thus, the de-

3. We note that we do not have a copy of the memorandum for in camera inspection.

scription of the information or material withheld must be specific enough that the requesting party can identify each document withheld and assess the applicability of that privilege. TEX.R. CIV. P. 193.3(b); *In re Maher,* 143 S.W.3d at 913. Any party may then request a hearing on a claim of privilege asserted. TEX.R. CIV. P. 193.4(a); *In re Maher,* 143 S.W.3d at 913.

■■■ Because there is no presumption that documents are privileged, the party who seeks to limit discovery by asserting the privilege has the burden of proof. *In re E.I. DuPont de Nemours & Co.,* 136 S.W.3d 218, 223, 225 (Tex.2004) (orig.proceeding). The party asserting the privilege must present necessary evidence at the hearing by testimony or affidavit, served at least seven days before the hearing, to support the privilege. *Id.* The privilege log is not proof; a prima facie case for the privilege must be proved by evidence necessary to support the privilege. *In re Maher,* 143 S.W.3d at 913. Only after the party asserting a privilege has made a prima facie case—provided the proper privilege log and presented evidence supporting the privilege at the hearing—does the requesting party have the burden to show the court which specific documents or groups of documents it believes require an in camera inspection. *DuPont,* 136 S.W.3d at 226–27; *In re Maher,* 143 S.W.3d at 913. The trial court must then determine whether an in camera inspection is required for the challenged documents. *DuPont,* 136 S.W.3d at 223; *In re Maher,* 143 S.W.3d at 913. If an in camera inspection is required, the court may order the documents tendered or the party asserting the privilege may tender the documents to the trial court. *In re Maher,* 143 S.W.3d at 913. After reviewing the documents, the trial court must then decide whether the privilege applies. *Id.* at 914.

■■■ Here, the City did not comply with rule 193(a). When it was served with Anderson's requests for production, it did not state in its response or in a separate document that (1) the memorandum was being withheld, (2) the request to which the memorandum related, or (3) the privilege or privileges it was asserting with regard to the memorandum. *See* TEX.R. CIV. P. 193.3(a). Only after Anderson discovered the existence of the memorandum through his deposition of Gonzales and demanded the City produce the document did the City claim that the memorandum was protected by the attorney-client privilege. The City did not assert its privilege in accordance with rule 193.3(a).[4]

■■■ In its response, the City argues that it was not required to comply with rule 193.3(a) because the memorandum falls within rule 193.3(c)'s exemption. We disagree. Rule 193.3(c) provides,

> (c) *Exemption.* Without complying with paragraphs (a) and (b), a party may withhold a privileged communication to

---

4. The City states in its brief that it "asserted the privilege as soon as the memo was discovered and as soon as necessary to prevent disclosure of the attorney-client communications." For support of this assertion, the City cites to the deposition of Roxanna Gonzales. In fact, during the deposition, the City's attorney stated that she believed that Anderson had already requested the memo and that the City had already provided it (while Anderson had made a request for production that would include the memorandum, the City had not produced it). The City's attorney then stated that if the City had not produced the memorandum, it probably would not do so based on attorney-client privilege. These statements by the City's attorney during Gonzales's deposition do not show that the City had no knowledge of the memorandum (and, thus, had inadvertently failed to comply with rule 193.3(a)). Instead, the statements by the City's attorney show that the City was, indeed, aware of the memorandum and thought that it had already been produced.

or from a lawyer or lawyer's representative or a privileged document of a lawyer or lawyer's representative—

> (1) created or made from the point at which a party consults a lawyer with a view to obtaining professional legal services from the lawyer in the prosecution or defense of a specific claim in the litigation in which discovery is requested, and

> (2) concerning the litigation in which discovery is requested.

TEX.R. CIV. P. 193.3(c). Here, the issue is whether the memorandum was "created or made from the point at which a party consults a lawyer with a view to obtaining professional legal services from the lawyer *in the prosecution or defense of a specific claim in the litigation in which discovery is requested." Id.* (emphasis added). We hold that it was not. The memorandum was created before this litigation arose. It was not created for the purpose of obtaining professional legal services in the defense of Anderson's suit. As testified by Roxanna Gonzales, she created the memorandum in January 2002 for the purpose of determining whether allowing Anderson to work part-time for a third party violated the Ethics Code. We, therefore, hold that rule 193.3(c)'s exemption does not apply to the memorandum at issue. And, because the exemption in paragraph (c) does not apply, to assert its privilege, the City was required to comply with paragraph (a), which it did not do.[5]

### CONCLUSION

Because the City failed to assert its privilege in accordance with rule 193.3(a), the trial court erred in denying Anderson's motion to compel production of the memorandum. Accordingly, we conditionally

---

5. Because we have determined that the City did not comply with rule 193, we need not

grant Anderson's petition for writ of mandamus and direct respondent (1) to withdraw her order denying Anderson's motion to compel and (2) to enter an order compelling production of the memorandum. Only if the Honorable Martha Tanner fails to comply will we issue the writ.

reach Anderson's other arguments.