NUMBER 13-05-455-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

 

          IN
RE: GRACO CHILDREN=S PRODUCTS, INC., ET AL.

 

                                  On
Petition for Writ of Mandamus

 

                                          O
P I N I O N

 

           Before
Chief Justice Valdez and Justices Castillo and Garza 

                                         Opinion
by Justice Garza

 








This is an original proceeding arising from a
products-liability action brought against Newell Rubbermaid, Inc., individually
and d/b/a Graco Children=s Products, Inc. (ARelator@).[1]  The real party in interest, Patricia Galnares
(APlaintiff@), alleges that a design defect in a child car seat,
the ASnugRide,@ manufactured by Relator caused the death of her
five-week-old son in a single-vehicle rollover accident on May 10, 2002.  The action is now pending before the 398th
District Court in Hidalgo County, Texas, Judge Aida Salinas Flores (ARespondent@) presiding.  

In its petition for writ of mandamus, Relator argues
that Respondent abused her discretion by ruling that Relator waived all
privileges to certain documents requested by Plaintiff=s Fourth Request for Production because Relator
failed to specifically assert its privileges as to each of Plaintiff=s individual requests.  Although Relator made a general assertion of
attorney-client and work-product privileges to all of Plaintiff=s requests and produced a withholding statement,
Respondent ruled that Relator had failed to preserve all privileges.  For the reasons that follow, we conclude that
Respondent abused her discretion in reaching this conclusion.  Accordingly, we conditionally grant the
relief sought by Relator. 

Background  

The petition in this original proceeding is Relator=s third petition for writ of mandamus arising from
the proceedings below.  All three of
Relator=s petitions have challenged Respondent=s rulings on issues related to Plaintiff=s Fourth Request for Production.  Because the procedural history of this case
is central to this Court=s disposition of the instant petition and because
one of Relator=s petitions remains pending before the supreme
court, we take time to detail the procedural and other background facts
relevant to this original proceeding.         









On March 22, 2005, the Consumer Product Safety
Commission (Athe Commission@) announced the assessment of a civil penalty
against Relator for untimely disclosures of hazards associated with certain
models of infant carriers, high chairs, swings, strollers, and toddler
beds.  According to Relator, none of the
hazards in the Commission=s announcement involved ejection of infants during
motor vehicle accidents or complaints regarding a five-point harness system
such as the harness on the SnugRide.  In
contrast, Plaintiff contends that, because many of Relator=s products share component parts, the Commission=s announcement may relate to component parts of the
SnugRide.    

Plaintiff=s Fourth Request for Production sought production of
documents pertaining to the Commission=s announcement. 
The discovery was served by certified mail and telecopier on April 5,
2005.  Relator=s responses were served on April 29, 2005.  In the responses, Relator specifically
objected to each of Plaintiff=s 20 requests for production and made several Ageneral objections@ to
all the requests, including the following objection: 

[Relator] . . . objects to the Requests for
Production to the extent it [sic] seeks information protected by the
attorney-client privilege or work product doctrine, or to the extent it [sic]
seeks information otherwise immune from discovery under any applicable rule or
privilege.  Such documents or information
shall not be produced in response to Plaintiff=s
discovery requests, and any inadvertent production or disclosure thereof shall
not be deemed a waiver of any privilege or work product immunity.          

 








On April 29, 2005, Plaintiff filed a Motion to
Compel Depositions and Production of Documents. 
The motion sought production of documents responsive to Plaintiff=s Fourth Request for Production.  On May 2, 2005, Relator filed a motion for
protection, complaining of Plaintiff=s Fourth Request for Production because Athe discovery propounded by Plaintiff has no nexus
with this lawsuit and is served solely to harass [Relator] and as a fishing
expedition in a search for irrelevant but potentially prejudicial documents
concerning [Relator] . . . .@  On May 5,
2005, Relator provided Plaintiff with a withholding statement indicating that
documents otherwise responsive to Plaintiff=s
Fourth Request for Production (numbers 1, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 18
and 19) were being withheld based on attorney-client privilege.  See Tex.
R. Civ. P. 193.3.  The withholding
statement did not assert the work-product privilege or any other
privilege.  

On May 6, 2005, Relator filed a second response to
Plaintiff=s Motion to Compel Depositions and Production of Documents,
raising similar objections to the requested discovery, though with greater
specificity than Relator=s first response. On May 12, 2005, Respondent held a
hearing on Plaintiff=s Motion to Compel Depositions and Production of
Documents.  At that time, Plaintiff
withdrew requests 18 and 19 but continued to seek all documents responsive to
the 18 other requests made in its Fourth Request for Production.  Respondent ruled in Plaintiff=s favor and ordered Relator to produce the documents
by May 19, 2005. 

On May 13, 2005, Plaintiff requested a privilege log
as to any claim of privilege regarding Plaintiff=s
Fourth Request for Production.  On May
18, 2005, Relator filed a petition for writ of mandamus with this Court,
challenging the trial court=s order of May 12, 2005.  This Court stayed all proceedings in the
underlying case in order to consider the merits of the petition.  On June 16, 2005, we denied the petition and
lifted the stay.  On June 22, 2005,
Relator served its privilege log on Plaintiff. 
Subsequently, on June 24, 2005, Relator filed a petition for writ of
mandamus and motion for emergency relief with the supreme court, seeking to
challenge the trial court=s order of May 12, 2005.  

While the petition and motion were pending before
the supreme court, Plaintiff filed a second Motion to Compel Depositions and
Production of Documents regarding the documents responsive to Plaintiff=s Fourth Request for Production.  A hearing was held on this motion on June 29,
2005, at which time, Respondent ruled that Relator had waived all privileges
and ordered the production of all documents responsive to Plaintiff=s Fourth Request for Production.








On July 6, 2005, Relator filed with the supreme
court a supplemental motion for emergency relief, a motion for leave to file a
supplemental petition for writ of mandamus, and a supplemental petition for
writ of mandamus.  On July 14, 2005, the
supreme court granted Relator=s motion for emergency relief and supplemental
motion for emergency relief and stayed Respondent=s
order of June 29, 2005.  The supreme
court denied Relator=s motion for leave to file a supplemental petition
for writ of mandamus with the notation ASee Tex. R. App. P.
52.3(e), (j)(1)(B).@  

Relator has now filed the instant petition for writ
of mandamus, asking this Court to review and vacate the portion of Respondent=s order of June 29, 2005 ruling that no privileges
were preserved as to documents responsive to Plaintiff=s Fourth Request for Production and compelling the
production of those documents.

I. 
Availability of Mandamus Relief 

Mandamus relief is appropriate to correct a clear
abuse of discretion or the violation of a duty imposed by law when there is no
other adequate remedy by law.   In re
DuPont de Nemours & Co., 136 S.W.3d 218, 222B23 (Tex. 2004) (orig. proceeding) (citing Johnson
v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985)).  A clear failure by the trial court to analyze
or apply the law correctly will constitute an abuse of discretion and may
result in appellate reversal by extraordinary writ.  Id. at 223 (citing Walker v. Packer,
827 S.W.2d 833, 839 (Tex. 1992)). 
Mandamus is proper when the trial court erroneously orders the
disclosure of privileged information because the trial court=s error cannot be corrected on appeal.  Id. (citing Walker, 827 S.W.2d
at 843).

II.  Analysis  








The issue in this original proceeding is whether
Respondent=s order of June 29th amounted to an abuse of
discretion.  In reaching this determination,
we must first decide whether Relator waived all privileges by failing to
include specific assertions of privilege in its initial response to Plaintiff=s Fourth Request for Production.  

At the June 29th hearing on Plaintiff=s second motion to compel depositions and request
for production, the following exchange transpired between Respondent and
counsel for Relator, which, we believe, provides useful insight into Respondent=s ruling that all privileges were waived:

 

Counsel:       Even
though there isn=t a requirement for us to assert a privilege at the
same time as the objection, we did do so. 
If the Court will look at the [response to] the fourth request for
production, we do in fact [object based on privilege] . . . . 

 

The Court:    The point that I think that is being made by
[opposing counsel] . . . is that on these discoveries you did not assert the
privilege as to those particular items. . . 

 

Counsel:       Yes, Judge.  In our preliminary objections, we actually
raised a privilege generally.

 

The Court:    But that is general boilerplate language that
is asserted at the beginning of every - - 

 

Counsel:       It=s been the law.

 

The Court:    I understand.

 

*   *    * 

 

The Court:    The Court is going to go ahead and rule. 

 

Counsel:       But, Judge, if I might just advise the
Court that then on May 5th, we sent a letter and said, we are withholding
documents pursuant to the privilege, which is what we=re required to do by the rules. . .

 








The Court:    The issue remains, [counselor], whether you=ve waived the privilege by not asserting the
privilege on those discovery documents . . . . I feel like, you know, you=ve waived at this particular point . . . . 

 

From this exchange, it is clear that Respondent based
her ruling on Relator=s failure to include in its initial response
specific assertions of privilege to each of Plaintiff=s particular requests.  Later in the same exchange, Respondent
specifically stated that, in her opinion, Relator=s
general objection based on attorney-client and work-product privileges, which
she described as Aboilerplate language,@ was
insufficient to preserve a claim of privilege. 


It is also apparent from the foregoing exchange that
counsel for Relator informed Respondent that a withholding statement had been
timely tendered to counsel for Plaintiff and that the production of such a
withholding statement is the proper manner of asserting privileges.  We agree with Relator on both of these issues.            

We turn to the rules of civil procedure for
guidance.  Rule 193.2 sets forth the form
and time for objections to written discovery. 
Tex. R. Evid. 193.2.  Subsection (a) states the following general
rule:

A party must make any objections to written
discovery in writingCeither in the response or in a separate documentCwithin the time for response.  The party must state specifically the legal
or factual basis for the objection and the extent to which the party is
refusing to comply with the request.  

 

Tex. R. Evid. 193.2(a). 
Subsection (f) then states that this general rule for objections to
written discovery does not apply to assertions of privilege:

A party should not object to a request for written
discovery on the grounds that it calls for production of material or
information that is privileged but should instead comply with rule 193.3.  A party who objects to production of
privileged material or information does not waive the privilege but must comply
with rule 193.3 when the error is pointed out. 

Tex. R. Evid. 193.2(a). 
Rule 193.3(a) provides








A party who claims that material or information
responsive to written discovery is privileged may withhold the privileged
material or information from the response. 
The party must stateCin the response (or an amended or supplemental
response) or in a separate documentCthat:

 

(1) information or material responsive to the
request has been withheld,

 

(2) the request to which the information or material
relates, and

 

(3) the privilege or privileges asserted. 

Tex. R. Evid. 193.3(a).

Relator=s withholding statement of May 5th stated that,
based on the attorney-client privilege, Relator was withholding documents
otherwise responsive to Plaintiff=s Fourth Request for Production (numbers 1, 2, 4, 5,
6, 7, 8, 9, 10, 11, 12, 13, 18 and 19). 
As such, the withholding statement complied with the requirements of the
rule.  See id.  








In her response to Relator=s petition for writ of mandamus, Plaintiff maintains
that the withholding statement was ineffective to preserve any privileges
because it was served untimely, but that contention is insupportable.  The withholding statement was served on
Plaintiff within 30 days after Plaintiff=s Fourth Request for Production was served on
Relator.  The rules of civil procedure
require the responding party to serve a written response, including any
objection to written discovery, within 30 days after service of the request for
production.  See Tex. R. Civ. P. 193.2(a); 196.2(a).  Although the time limit for objecting to
written discovery is 30 days from the date of service, no objection needs to be
made to preserve a privilege and the rules set no time-limit for asserting a
privilege.  See Tex. R. Civ. P. 193.2(f); 193.3.  Thus, there is no basis for concluding that
the withholding statement and Relator=s assertion of privilege was untimely.   Even if we were to agree that the 30-day
deadline were applicable to assertions of privilege, the withholding statement
would still be timely because it was filed within that time period.            

We can appreciate that much confusion was caused by
the general objection made in Relator=s response to Plaintiff=s request for production.  The rules specifically instruct counsel not
to object to written discovery based on privileges.  See Tex. R. Evid. 193.2(a); In re Univ.
of Tex. Health Ctr., 33 S.W.3d 822, 826 (Tex. 2000) (orig. proceeding); In
re Anderson, 163 S.W.3d 136, 140 (Tex. App.CSan
Antonio 2005, orig. proceeding); In re Monsanto Co., 998 S.W.2d 917, 924
(Tex. App.CWaco 1999, orig. proceeding).  Nevertheless, counsel for Relator made such
an objection.  Although the objection was
inappropriate, the rules specify that an objection to written discovery based
on privilege will not waive a privilege, as long as the party complies with
rule 193.3(a).  See Tex. R. Evid. 193.2(a); 193.3(a); In
re Univ. of Tex. Health Ctr., 33 S.W.3d at 826.  We have already concluded that Relator
followed rule 193.3(a).  See Tex. R. Evid. 193.3(a).  Accordingly, the trial court=s ruling that Relator waived all privileges was an
error of law and, as such, amounted to an abuse of discretion.  See In re DuPont de Nemours &
Co., 136 S.W.3d at 223.                         

We note that Plaintiff also raises an additional
waiver argument.  She points out that
Relator=s withholding statement only asserted the
attorney-client privilege and that Relator=s privilege log asserted additional privileges,
including the work-product privilege. 
According to Plaintiff, Relator waived all privileges other than the
attorney-client privilege by failing to assert them in its withholding
statement.  








It would be inappropriate for this Court to address
Plaintiff=s argument. 
The issue before us is not whether Relator waived some, but not all,
privileges by failing to specify them in its withholding statement.  The issue is whether Respondent erred by
ruling that all privileges have been waived.  We have concluded that Relator did not waive
all privileges.  Based on this
conclusion, we have held that Respondent=s order of June 29th was an abuse of
discretion.  We have thus decided the
only issue presented by this original proceeding.   

III. 
Conclusion 

Respondent is ordered to vacate her order of June
29, 2005.  A writ of mandamus will issue
if Respondent refuses to comply with this Court=s
instructions.   

 

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

Opinion delivered and filed 

this the 21st day of September, 2005.      

 

 

 

 

 

 











[1] Burlington Coat Factory Warehouse
Corp. and Burlington Coat Factory of Brownsville, Inc. are also named
defendants in the underlying suit, but they are not parties to this original
proceeding.