**In re CHRISTUS HEALTH SOUTH-EAST TEXAS d/b/a Christus St. Mary Hospital.**

**No. 09–05–124 CV.**

Court of Appeals of Texas, Beaumont.

Submitted April 11, 2005.

Decided June 30, 2005.

 

Curry L. Cooksey, L. Susan Herrera, Orgain, Bell & Tucker, LLP, The Woodlands, for relator.

Mitchell A. Toups, Steven C. Toups, Weller, Green, Toups & Terrell, LLP, Beaumont, for real party in interest.

Before McKEITHEN, C.J., GAULTNEY and KREGER, JJ.

## OPINION

PER CURIAM.

This original proceeding involves a discovery dispute. Relator, Christus Health Southeast Texas d/b/a Christus St. Mary Hospital (St. Mary), seeks mandamus relief from the trial court's order requiring St. Mary to produce certain documents requested by real parties in interest, Terry Naegele Russell, et al. (Russell). These items are set out in Plaintiffs' Fourth Request for Production, numbers 1–4, as follows:

1. Please produce any and all documents showing the chief complaint of the patients in the emergency rooms 2, 3, 4, and 5 on March 3, 2003 at 8:37 a.m. Plaintiff does not request the identity of these patients and specifically requests that defendant redact the identities of the patients involved.

2. Please produce any and all documents showing the triage codes of the patients in the emergency rooms 2, 3, 4, and 5 on March 3, 2003 at 8:37 a.m. Plaintiff does not request the identity of these patients and specifically requests that defendant redact the identities of the patients involved.

3. Please produce any and all documents showing the chief complaint of the patients who had been moved into emergency rooms other than emergency

rooms 2, 3, 4, and 5 on March 3, 2003 at 8:37 a.m. Plaintiff does not request the identity of these patients and specifically requests that defendant redact the identities of the patients involved.

4. Please produce any and all documents showing the triage code of the patients who had been moved into emergency rooms other than rooms 2, 3, 4, and 5 on March 3, 2003 at 8:37 a.m. Plaintiff does not request the identity of these patients and specifically requests that defendant redact the identities of the patients involved.

To each of these four requests, St. Mary provided the same response: "Objection–Physician/Patient privilege, hospital patient privilege, HIPAA privilege." The record provided to us is silent as to any further action by St. Mary until Russell's motion to compel was filed. Russell's motion to compel included the following counter-argument to St. Mary's privilege objection:

In this case, the de-identified information requested is relevant to the defenses set forth by Christus in this case. Christus claims that the hospital was full and no beds were available. The Plaintiffs' contend that Christus had beds available and should have moved a patient with a lower acuity level. Christus should not be allowed to use HIPAA as a shield to protect information that is relevant to the defenses asserted by Christus in this litigation. Plaintiffs' [sic] therefore request that Christus be compelled to answer request for production numbers 1–4 within three (3) days.

St. Mary filed a response to the motion to compel entirely ignoring Russell's claim that HIPAA provided an exception to the general rule prohibiting disclosure of protected information ("45 C.F.R. § 164.512(e)"), and ignoring Russell's assertion that Christus was defending the lawsuit by claiming the hospital was full and no beds were available. St. Mary's response included citations to various cases recognizing the general rule that communications between a physician and patient are privileged and may not be disclosed. The response also focused heavily on portions of statutes and rules, and included authority discussing constitutional recognition of a "zone of privacy," all in support of its contention that non-party medical records are privileged and, therefore, not discoverable.[1] Although the trial court's order indicates a hearing on Russell's motion to compel may have taken place, it also indicates the court only considered "the Motion" in granting Russell the relief requested. Our record does not include a reporter's record nor do we have any indication that affidavits were attached to either Russell's motion to compel or to St. Mary's response. *See* Tex.R. Civ. P. 193.4(a). Indeed, we have no indication that any evidence was presented to the trial court prior to its ruling.

A writ of mandamus will only issue to correct a clear abuse of discretion or violation of a duty imposed by law when there is no adequate remedy by appeal. The relator has the burden to present the appellate court with a record sufficient to establish the right to mandamus. *See Walker v. Packer,* 827 S.W.2d 833, 837–39 (Tex.1992) (orig.proceeding). With respect to factual matters committed to the trial court's discretion, the appellate court may

---

1. The provisions cited in the response to the motion to compel included Tex.R. Evid. 509(c); Tex. Occ.Code Ann. § 159.002 (Vernon 2004); 40 Tex. Admin. Code § 19.407 (2005); Health Insurance Portability and Accountability Act of 1996 (HIPAA); Tex. Health & Safety Code Ann. § 241.15[2] (Vernon 2001); Tex.R. Civ. P. 196.1(c)(3), and Tex. Hum. Res.Code Ann. § 102.003(j) (Vernon 2001).

not substitute its judgment for that of the trial court. *Id.* However, review of a trial court's determination of controlling legal principles is entitled to much less deference. *Id.* at 840. In our analysis, we must focus on the record that was before the court and on whether the decision was not only arbitrary but also amounted to a clear and prejudicial error of law. *See In re Bristol–Myers Squibb Co.*, 975 S.W.2d 601, 605 (Tex.1998) (orig.proceeding).

▮▮▮ An examination of the rules of civil procedure pertaining to discovery indicates that upon receipt of a request for discovery, to protect privileged information or material, a party should not object to the request based upon privilege. *See* Tex.R. Civ. P. 193 cmt. 3. Instead, the comment notes that Rule 193 "requires parties to state that information or materials have been withheld and to identify the privilege upon which the party relies." *Id.* Therefore, instead of objecting to discovery based on privilege, a party may withhold the privileged material. *See In re Maher*, 143 S.W.3d 907, 913 (Tex.App.-Fort Worth 2004, orig. proceeding). However, the party must state in the response (or an amended or supplemental response) or in a separate document that: "(1) information or material responsive to the request has been withheld, (2) the request to which the information or material relates, and (3) the privilege or privileges asserted." Tex.R. Civ. P. 193.3(a); *see also Maher*, 143 S.W.3d at 913. Then, the party seeking discovery may serve a written request that the withholding party identify the information and material withheld. *See* Tex.R. Civ. P. 193.3(b); *Maher*, 143 S.W.3d at 913. Within fifteen days of service of the request, the withholding party must serve a response that: "(1) describes the information or materials withheld that, without revealing the privileged information itself or otherwise waiving the privilege, enables other parties to assess the applicability of the privilege, and (2) asserts a specific privilege for each item or group of items withheld." Tex.R. Civ. P. 193.3(b); *Maher*, 143 S.W.3d at 913. Thus, the description of the information or material withheld must be specific enough that the requesting party can identify each document withheld and assess the applicability of that privilege. *Id.* Any party may then request a hearing on a claim of privilege asserted. *See* Tex.R. Civ. P. 193.4(a); *Maher*, 143 S.W.3d at 913.

In the instant case, Russell's request for production also requested a "schedule" containing information roughly corresponding to the contents of the privilege log described under Rule 193.3(b)(1) & (2). Thereafter, as noted above, St. Mary responded to each of the four requests in question with an "objection" and the notations "Physician/Patient privilege, hospital patient privilege, HIPAA privilege." Although St. Mary should not have objected on the basis of privilege, this was not fatal to its privilege assertion. *See* Tex.R. Civ. P. 193.2(f). However, our record does not indicate whether or not St. Mary produced a privilege log, as would appear to be necessitated by Russell's additional request in anticipation of St. Mary's privilege assertion.

▮▮▮ Because there is no presumption that documents are privileged, a party who seeks to limit discovery by asserting a privilege has the burden of proof. *See In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223, 225 (Tex.2004) (orig.proceeding). This is initially accomplished by the party's making a prima facie showing of privilege, with the "prima facie standard" being defined as requiring the "minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." *See id.* at 223 (quoting *Texas Tech Univ. Health Sci-*

*ences Ctr. v. Apodaca,* 876 S.W.2d 402, 407 (Tex.App.-El Paso 1994, writ denied)). However, the Supreme Court has said that "in some limited circumstances the documents themselves may, standing alone, constitute sufficient proof." *See State v. Lowry,* 802 S.W.2d 669, 671 (Tex.1991); *see also In re Anderson,* 973 S.W.2d 410 (Tex.App.-Eastland 1998, orig. proceeding). In *Anderson,* for example, the court of appeals held it was evident, without any other evidence, that a discovery request for the identities of patients sought privileged information. *Id.* at 412.

In *In re CI Host, Inc.,* 92 S.W.3d 514 (Tex.2002) (orig.proceeding), the Supreme Court found the relator failed to meet its burden to support its objection to an order requiring production of computer backup tapes containing allegedly privileged information. *Id.* at 514, 516–17. The Court stated, "Any party making an objection or asserting a privilege must present any evidence necessary to support the objection or privilege. Tex.R. Civ. P. 193.4(a). The trial court should then determine whether an *in camera* inspection is necessary; if so, the party seeking protection must segregate and produce to the court the materials it seeks to protect from disclosure." *CI Host, Inc.,* 92 S.W.3d at 516. The Supreme Court then described the procedural background of the case, including the lack of proof by relator, CI Host, Inc., as follows:

> At the first discovery hearing, CI Host had the burden to present evidence supporting its objection, *see* Tex.R. Civ. P. 193.4(a), but did not present any evidence to the court. At the second hearing, CI Host offered CEO Faulkner's affidavit generally describing the nature of CI Host's business and stating summarily that the backup tapes contained information such as customers' e-mails, trade secrets, and business documents. It also offered testimony from its attor-

ney, John Harvey, that he had seen customer lists and customer indexes and directories on two of the March 1st tapes. None of this general testimony provides the factual basis to sustain CI Host's objection that all of the information on the tapes is "the contents of a communication" or is "in electronic storage" on the tapes and thus protected from disclosure by the ECPA. *See* 18 U.S.C. § 2702.... Thus, in light of CI Host's failure to produce evidence to support its ECPA objection or to segregate and produce the information it has now admitted is not protected by the ECPA, we cannot conclude that the trial court abused its discretion in overruling that objection and ordering the tapes produced.

*Id.* at 516–17.

■ In the instant case, the discovery request sought "any and all" documents showing the emergency room patients' "chief complaint," and "any and all" documents showing the triage codes, with any identifying information to be redacted. Relator says these requests for documents would include the patients' emergency room medical records, and plaintiffs do not contest this assertion. "Records of the identity, diagnosis, evaluation, or treatment of a patient by a physician that are created or maintained by a physician are confidential and privileged and may not be disclosed." *See* Tex.R. Evid. 509(c)(2). It would seem likely patients seeking treatment in hospital emergency rooms are there to be evaluated, diagnosed, or treated by an emergency room physician. Plaintiffs argue nevertheless that relator is not a physician, and that the privilege is therefore inapplicable here.

■ The physician-patient privilege

belongs to the patient,[2] and the other emergency room patients on that day are not parties to this litigation. Rule 196.1(c)(1) of the Texas Rules of Civil Procedure states, "If a party requests another party to produce medical or mental health records regarding a nonparty, the requesting party must serve the nonparty with the request for production under Rule 21(a)." Tex.R. Civ. P. 196.1(c)(1). The record before this Court does not indicate service of the request on the nonparties in this case. Rule 196.1(c)(2)(B) provides an exception to the service requirement if "the identity of the nonparty whose records are sought will not directly or indirectly be disclosed by production of the records." The redaction of the identities of the patients may be sufficient to satisfy Rule 196.1(c)(2)(B). However, Rule 196.1(c)(2)(B) is an exception to the notice requirement, not an exception to the privilege. *See In re Columbia Valley Reg'l Med. Ctr.*, 41 S.W.3d 797, 800 (Tex.App.-Corpus Christi 2001, orig. proceeding).

Rule 509(d)(1) provides that "[t]he privilege of confidentiality may be claimed by the patient or by a representative of the patient acting on the patient's behalf." Tex.R. Evid. 509(d)(1). Rule 509(d)(2) provides that the physician may claim the privilege on behalf of the patient. Relator has not shown it is representing the patients, nor has any physician or patient claimed the privilege. However, merely because relator is not able to control or claim the privilege does not mean the privilege does not exist or can be ignored. The patients have not been given an opportunity to claim the privilege, and a claim of privilege is not defeated by a disclosure which is made without that opportunity. *See* Tex.R. Evid. 512. Even when a patient consents to disclosure, Rule 509(f)(3) provides the information may be disclosed only to the extent consistent with the authorized purposes for which consent to release the information was obtained. There is nothing in the record indicating the nonparties have consented to disclosure for purposes of this litigation. When nonparties' privacy rights may be detrimentally affected or even abrogated by disclosure, the Supreme Court has been "loath" to allow a party to unilaterally waive the privacy rights "by its failing to adhere to the discovery rules." *See In re CI Host, Inc.*, 92 S.W.3d at 517 (involving disclosure of computer back-up tapes). Similarly, we are loath to allow the parties here to waive the other emergency room patients' physician-patient privileges by failing to adhere to the rules.

However, Rule 509, the physician-patient privilege rule, includes exceptions. The plaintiffs rely on the litigation exception in Tex.R. Evid. 509(e)(4) set out below:

> (e) Exceptions in a Civil Proceeding. Exceptions to confidentiality or privilege in administrative proceedings or in civil proceedings in court exist:
>
> . . . .
>
> (4) as to a communication or record relevant to an issue of the physical, mental, or emotional condition of a patient in any proceeding in which any party relies upon the condition as a part of the party's claim or defense[.]

The Supreme Court has held that when this exception applies, the physician-patient privilege is terminated "even though the patient is not a party to the litigation."[3] *R.K. v. Ramirez*, 887 S.W.2d 836,

---

2. Rule 509(d) provides that the privilege of confidentiality is claimed on behalf of the patient.

3. The Court noted the exception represented "a significant departure from the historical scope of the patient-litigant exception. The exception now terminates the privileges

842 (Tex.1994); *see also In re Whiteley*, 79 S.W.3d 729, 732 (Tex.App.-Corpus Christi 2002, orig. proceeding).[4] Plaintiffs assert the documents are "relevant to the defense asserted by Christus that all rooms were full. To respond to this defense, the triage codes and chief complaints of the patients in the six (6) emergency rooms when Russell arrived are relevant in order to determine whether a patient with a lower acuity level could have been moved so that Russell could have received the immediate care he so desperately needed." The Supreme Court has made clear, however, that in applying the litigation exception "relevance alone cannot be the test, because such a test would ignore the fundamental purpose of evidentiary privileges, which is to preclude discovery and admission of relevant evidence under prescribed circumstances." *See Ramirez*, 887 S.W.2d at 842.

In *Ramirez*, the Supreme Court explained as follows the test for determining whether a party relies upon a medical or mental condition as part of the party's claim or defense for purpose of the litigation exception:

> Communications and records should not be subject to discovery if the patient's condition is merely an evidentiary or intermediate issue of fact, rather than an "ultimate" issue for a claim or defense, or if the condition is merely tangential to a claim rather than "central" to it.... As a general rule, a ... condition will be a "part" of a claim or defense if the pleadings indicate that the jury must make a factual determination concerning the condition itself.

whenever any party relies upon the condition of the patient as a part of the party's claim or defense, even though the patient has not personally placed the condition at issue, and even though the patient is not a party to the litigation." *Ramirez*, 887 S.W.2d at 842.

*Id.* at 842–43. The Court noted that "[w]hether a condition is a part of a claim or defense should be determined on the face of the pleadings, without reference to the evidence that is allegedly privileged." *Id.* at 843 n. 7.

In this case, whether and why the emergency rooms were full with other patients is not part of a defense pled by relator. The record in this mandamus proceeding does not include plaintiffs' petition. Plaintiffs say the documents showing chief complaints and triage codes will show whether there were less seriously ill people who should have been moved from ER rooms so that Russell could be treated. They argue these medical conditions are relevant to relator's assertion that the ER was full. While the medical conditions may be relevant to plaintiffs' negligence claim, relevance alone is not the test for the litigation exception. As the Supreme Court explained in *Ramirez*, the test is whether the jury must make a factual determination concerning the conditions as an "ultimate" issue for the claim. Because plaintiffs do not argue, and nothing in the record suggests, that the other patients' conditions are a part of their claim rather than simply relevant to the case, we do not determine in this proceeding whether the conditions are an ultimate issue for plaintiffs' claims.

■ Even if some of the information is within an exception to the privilege, or is otherwise not privileged, any privileged information not meeting an exception must be protected. *Ramirez*, 887 S.W.2d at

**4.** *But see In re Xeller*, 6 S.W.3d 618, 625 (Tex.App.-Houston [14th Dist.] 1999, orig. proceeding); *In re Anderson*, 973 S.W.2d 410, 411–12 (Tex.App.-Eastland 1998, orig. proceeding); *In re Dolezal*, 970 S.W.2d 650, 652 (Tex.App.-Corpus Christi 1998, orig. proceeding).

843. The parties' interest in the evidence is not the same as the nonparty patients' interest in confidentiality. The trial court must be vigilant in ensuring the protection of the interests of nonparties who have not been given an opportunity to be heard. *See generally In re CI Host, Inc.*, 92 S.W.3d at 517. It falls upon the trial court to give serious consideration to the interests of the nonparties, who are unaware of this litigation, in maintaining the confidentiality of their medical records. *See generally id.* (noting the trial court in that case had entered a protective order concerning the computer tapes, and expressing confidence the trial court would "give due consideration to any other privacy interests at stake.").

If the trial court determines in further proceedings that the other patients' medical conditions are part of plaintiffs' claims as pleaded and not merely evidentiary or intermediate issues of fact, an *in camera* inspection of the medical information in question may assist the trial court in tailoring the information sought by plaintiffs so that it is limited in scope to the litigation exception or to information that is otherwise not privileged. Even if it is determined by the trial court that the medical conditions of other emergency room patients are part of plaintiffs' pleaded claims, the trial court still "must ensure that the production of documents ordered, if any, is no broader than necessary, considering the competing interests at stake." *Ramirez*, 887 S.W.2d at 843. "[A]ny infor-

mation not meeting this standard remains privileged and must be redacted or otherwise protected." *Id.*

The record in this proceeding does not demonstrate compliance with the Supreme Court's opinion in *Ramirez*. We conditionally grant the petition for writ of mandamus to order the trial court to vacate its order.[5] The writ will issue only if the trial court fails to comply with this opinion.

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED.

---

5. Relator also argues that the records are protected by federal and state statutes and by a constitutional right of privacy. *See* fn.1, *supra*. Because we grant the petition based on Rule 509, we need not address these arguments. We note, however, generally Rule 509 governs disclosures of patient medical records in judicial or administrative proceedings. *See Ramirez*, 887 S.W.2d at 840 n. 5. With respect to Texas statutes, the Government Code provides that rules adopted by the Su-

preme Court may serve to repeal conflicting laws and parts of laws governing practice and procedure, but not substantive law, in civil actions. *See* Tex. Gov't Code Ann. § 22.004(c) (Vernon 2004). We also note generally the statutes cited have "court order" exceptions. The Supreme Court has said the litigation exception to Rule 509 is not unconstitutional. *Ramirez*, 887 S.W.2d at 843.