In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-07-538 CV


 ______________________


 

IN RE BNSF RAILWAY COMPANY





 

Original Proceeding






MEMORANDUM OPINION


 BNSF Railway Company filed a petition for a writ of mandamus to compel the trial
court to vacate its order requiring that BNSF produce documents requested by real party in
interest Sidney Holmes. In a single issue, BNSF argues it was ordered to provide unlimited
information and documents that were outside the scope of permissible discovery. We
conditionally grant the petition in part.

 Holmes sued BNSF under the Federal Employers' Liability Act to recover for
personal injuries and damages resulting from an alleged occupational injury. See 45
U.S.C.A. §§ 51-60 (West 1986 & Supp. 2006). Holmes claims the following:

 Plaintiff was employed by BNSF, including its predecessor-in-interest,
from approximately 1955 until 1999 in various capacities including Brakeman,
Switchman, and Conductor at Defendant Railroad's facilities located in Hardin
County, Texas, and elsewhere. Throughout the course of his employment,
Plaintiff was exposed to various ergonomic risk factors to his legs. Plaintiff's
cumulative and/or repetitive exposure to these ergonomic risk factors
throughout the course of his employment with BNSF resulted in disorders of
the musculoskeletal and/or nervous systems, including but not limited to total
knee replacements. 


 Pursuant to a Rule 11 agreement, BNSF produced a list of files responsive to a search
of BNSF's internal database of the term "ergonomics," and a list of videos from its video
library. Holmes submitted a request for production for "[a] full and complete copy of all
documents pertaining to" the fifty files listed in BNSF's index of search results for
ergonomics. Holmes also requested twenty-three videos from the video list. BNSF asserted
the following objections to each request:

 This Request is overly broad, unduly burdensome, and harassing. This request
likely encompasses information privileged as attorney client communications,
and/or work product. This Request does not attempt to limit the scope of
materials to occupations, locations, activities, diagnoses, theories of liability,
or time frames of relevance to this case[.] The materials requested are
irrelevant and the scope of the request exceeds the boundaries of relevant
discovery and is not reasonably tailored to include only matters relevant to the
case[.]

 

BNSF filed a motion for protection in which it argued that Holmes improperly sought
documents that were "outside the scope of discovery," and "clearly labeled as work
product[.]"

 Holmes argued that his first fifty requests were proper because they related to
ergonomics. Holmes claimed that the requests for the videos were proper because they
"related to cumulative trauma, ergonomics, ergonomic program implementation, job duties,
job tasks and safety." At the hearing on Holmes's motion to compel, the trial court overruled
BNSF's objections and ordered that BNSF respond to the requests and produce the requested
material. 

Mandamus


 Mandamus relief is appropriate when a trial court abuses its discretion and there is no
adequate remedy by appeal. In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex.
2004). The party resisting discovery has the burden to establish both requirements. In re
CSX Corp., 124 S.W.3d 149, 151 (Tex. 2003). The trial court abuses its discretion when it
orders discovery exceeding the scope permitted by the rules of procedure. Id. at 152. No
adequate remedy by appeal is available when a trial court erroneously compels production
of overly broad discovery. In re TIG Ins. Co., 172 S.W.3d 160, 171 (Tex. App.--Beaumont
2005, orig. proceeding).

Scope of Discovery


 The Supreme Court has stated, "Discovery is a tool to make the trial process more
focused, not a weapon to make it more expensive." In re Allstate County Mut. Ins. Co., 227
S.W.3d 667, 668 (Tex. 2007). Generally, a party may obtain discovery relating to any matter
that is not privileged and that is relevant to the subject matter of the pending action. Tex. R.
Civ. P. 192.3(a). Discovery is not a "fishing expedition," however. K Mart Corp. v.
Sanderson, 937 S.W.2d 429, 431 (Tex. 1996). Requests must be reasonably tailored to
include only matters relevant to the case. In re Am. Optical Corp., 988 S.W.2d 711, 713
(Tex. 1998). 

 A request for all documents relevant to a lawsuit is overly broad. Tex. R. Civ. P. 193
cmt. 2. A discovery request that is unlimited as to time, place, or subject matter is overly
broad as a matter of law. See In re Am. Optical, 988 S.W.2d at 713 (holding that trial court's
ruling to produce every document relating to asbestos for a fifty-year period was
impermissibly broad); Dillard Dep't Stores, Inc. v. Hall, 909 S.W.2d 491, 492 (Tex. 1995)
(holding that request for Dillard to perform a search for documents covering a five-year time
period and twenty states was overly broad as a matter of law); Texaco, Inc. v. Sanderson, 898
S.W.2d 813, 815 (Tex. 1995) (holding that a request for all documents written by safety
director on the subject of safety, without limitation as to time, place or subject matter, is
overly broad). 

Request Numbers 1-50


 BNSF argues the requests were not properly narrowed in scope to Holmes's knee
injury and Holmes improperly requested information relating to body parts and muscle
systems not at issue in this lawsuit. BNSF contends the requests concern crafts and
mechanisms of injury not at issue in this case, and were not limited to Holmes's length of
employment.

 As worded, the requests seek anything that may have been generated in relation to the
fifty files. The request for production -- asking for "[a] full and complete copy of all
documents pertaining to" the fifty files -- defines "documents" as follows:

 'Documents' as used herein includes, but is not limited to, any note,
correspondence, contracts or agreements, financial statements, computer
printouts, balance sheets, income statements, real estate documents, records,
notices, confirmations, appraisals, prospectuses, notations or memoranda of
any sort of communications, invoices, diaries, analyses, offers, worksheets
(and all drafts, preliminary versions, alterations, modifications, revisions,
changes and amendments of any of the foregoing), graphic or oral records or
representations of any kind, other written, printed, typed or other graphic
recorded matter of any kind or nature, however produced or reproduced, and
whether preserved in writing, film or record, computer disk, laser disk,
compact disk, film, tape, videotape, computer card or magnetic media,
computer database(s), or any form, which are in your possession, custody or
control. 


The request has a separate definition for "document" and provides as follows:

 'Document' shall mean each of the following that is in the possession, custody,
or control of Defendant named above or that can be obtained by the party
through the exercise of a superior right to compel production from a third
person; the original and each non-identical copy (whether different from the
original by virtue of notes made or otherwise) and, if the original is not in
existence or subject to your control, each non-identical copy, regardless of
origin or locations, of any handwritten, typewritten, printed, recorded,
transcribed, punched, taped, photocopied, photostatic, telecopied, filmed,
microfilmed, or otherwise prepared matter, including without limitation drafts,
however produced or reproduced, and further including without limitation any
and all records, reports, memoranda, minutes of meetings, notes, letters,
telegrams, telexes, cables, mailgrams, contracts, photographs, films, tapes,
transcripts, correspondence, financial statements, computer printouts,
worksheets, electronic recordings, purchase orders, invoices, receipts, ledgers,
books and records, vouchers, canceled checks, agreements, tables, charts,
graphs, compilations, tabulations, regulations, files, pamphlets, papers,
notations, transcriptions or tapes of telephone conversations or meetings,
specifications, plans, drawings, working plans, design information,
engineering reports or information, and any other data compilation from which
information can be obtained or translated into reasonably usable form, and all
drafts of the foregoing.

 

 The discovery requests are not reasonably tailored. The requests for production are
not limited to ergonomics issues related to knee injuries, or to employment conditions related
to Holmes's employment as a brakeman, switchman, and conductor. Several requests seek
documents related to back injuries, for example. Holmes does not explain why these are
needed. Some requests seek documents related to a holding tank, clerical hazards, office
safety, a diesel wash facility, locomotive horns, and noise exposure. Holmes asserts that he
was employed from 1955 to 1999, yet the production requests are not limited to any
particular time frame.

 The requesting party has the responsibility to reasonably tailor its production requests,
and the trial court must make an effort to impose reasonable discovery limits. See In re
Allstate County Mut. Ins. Co., 227 S.W.3d at 668; In re Sears, Roebuck & Co., 146 S.W.3d
328, 331, 333 (Tex. App.--Beaumont 2004, orig. proceeding). On their face, the first fifty
discovery requests here are not tailored to the issues in the lawsuit and are overly broad. The
requests in this case are the kind of "fishing expedition" the Supreme Court has repeatedly
struck down. See K Mart Corp., 937 S.W.2d at 431. The trial court abused its discretion in
ordering that BNSF produce all documents responsive to the first fifty document requests. 
See In re CSX, 124 S.W.3d at 152. 

 Request Numbers 51-73


 In request numbers fifty-one through seventy-three, Holmes sought "[a] full and
complete copy" of twenty-three specific videos from BNSF's video library list. BNSF
asserted an objection that the requests were overly broad, burdensome, sought privileged
information, were irrelevant, and were unlimited in scope. Unlike the first fifty requests,
these requests ask for specific items and most of the requests do not appear overly broad on
their face. BNSF did not present any evidence to the trial court that the requests for specific
videos were overly broad, burdensome, irrelevant, or unlimited in scope. See Tex. R. Civ.
P. 193.4(a). Videos unrelated to the type of mechanism of injury or work performed by
Holmes would, like the document requests, be outside the scope of discovery. On the record
presented, however, we do not find an abuse of discretion by the trial court in overruling the
objections to the requests for specific videos which were not, on their face, overly broad,
burdensome, irrelevant, or unlimited in scope.

Privilege and Attorney Work Product


 BNSF asserted objections to all seventy-three requests as requesting privileged
communications or work product. BNSF argues the trial court erred in requiring it to
produce privileged and protected information. Four requests sought documents that were
labeled "Attorney Work Product." Holmes argues that BNSF failed to make a prima facie
showing of attorney core work product and attorney-client privilege.

 Rule 193.2(f) provides that a party should not object to a discovery request on the
grounds that it calls for production of material that is privileged but should instead comply
with Rule 193.3. Tex. R. Civ. P. 193.2(f); see also Tex. R. Civ. P. 193.3. A party objecting
to the production of privileged material does not waive the privilege but must comply with
Rule 193.3 when the error is pointed out. Tex. R. Civ. P. 193.2(f); see also Tex. R. Civ. P.
193.3. 

 At the hearing on the motion to compel, neither party addressed the specific subject
of attorney work product or privilege. The hearing focused on whether the requests were
reasonably tailored to the subject matter of the litigation. BNSF asked the trial court to
protect it until Holmes tailored his requests to the scope of the litigation. (1) On the record
presented in this case, it appears the issues of attorney work product and privilege have not
yet been addressed by the trial court. See, e.g., In re TIG Ins. Co., 172 S.W.3d at 169-70
(issue of attorney work product not properly before trial court where neither party addressed
the privilege at the hearing and the parties had not yet followed procedures under Rule
193.3). BNSF was entitled to a ruling on its objections asserted under Rule 193.2 before
pursuing its privileges under Rule 193.3. See In re Lincoln Elec. Co., 91 S.W.3d 432, 437
(Tex. App.--Beaumont 2002, orig. proceeding). BNSF has not waived its privileges and may
proceed pursuant to Rule 193.3. See TIG Ins. Co., 172 S.W.3d at 170 (stating that parties
may proceed under Rule 193.3 when the record showed the issue of attorney work product
was not properly before trial court). 

The Occupational Safety and Health Administration Act


 BNSF argues that the requests seeking reports relating to The Occupational Safety and
Health Administration Act (OSHA) were improper because OSHA is not applicable to this
case. BNSF asserts that some of the reports may contain private medical information for
individuals who are not parties to this lawsuit. BNSF did not make this objection to the trial
court and argues it for the first time in its petition for mandamus. We find no abuse of
discretion in the trial court's failing to rule on an issue not presented to it. See Tex. R. App.
P. 33.1(h). 

 Nevertheless, the trial court must be vigilant in ensuring the protection of the interests
of nonparties who have no opportunity to be heard. In re Christus Health Se. Tex., 167
S.W.3d 596, 603 (Tex. App.--Beaumont 2005, orig. proceeding). We are confident the trial
court will consider the interests of nonparties, who are unaware of this litigation, in
maintaining the confidentiality of their medical and other privileged records, and will enter
any necessary and appropriate protective order. See id. 

Motion for Sanctions


 Holmes filed a motion for sanctions in this Court arguing BNSF failed to act in good
faith in this proceeding. See Tex. R. App. P. 52.11. Because we find that the petition was
not clearly groundless or filed solely for the purpose of delay, the motion for sanctions
asserting that basis is denied. See id. 

 Holmes further contends that the certificate of service was incorrect, and he was not
informed BNSF intended to file a motion for emergency relief. See Tex. R. App. 52.10(a). 
The Rules of Appellate Procedure authorize the court to grant temporary relief, without
notice, on the initiative of the court or on motion of any party. Tex. R. App. P. 52.10(b). In
this case, we did not request a response to the motion before granting the temporary stay
pending our review of the issues. 

 The Rule requires relator to "make a diligent effort to notify all parties by expedited
means" of a motion and certify compliance to the Court before temporary relief will be
granted. Tex. R. App. P. 52.10(a). Service by certified mail is not calculated to provide
expedited notice of the filing of the motion. The Rule indicates that relator should, for
example, telephone or fax the information. See id. 

 The certificate on the emergency motion states that the motion was faxed, but the
motion for sanctions and response now establish BNSF did not fax the motion for temporary
relief to the correct number until the day after the order was signed. The affidavit filed by
BNSF indicates that a member of counsel's staff inadvertently used an address for a different
law firm to mail the petition. This Court takes seriously any noncompliance with the
notification requirement and may issue sanctions in appropriate circumstances. See Tex. R.
App. P. 52.11. The noncompliance in this case appears to be unintentional. We decline under
the circumstances to assess sanctions on the record presented. See In re Lerma, 144 S.W.3d
21, 29 (Tex. App.--El Paso 2004, orig. proceeding) (declining to impose sanctions for an
"inadvertent mistake"). 

Conclusion


 The trial court abused its discretion in ordering BNSF to comply with the first fifty
requests because they were overly broad on their face as a matter of law. The petition for
writ of mandamus is conditionally granted as it relates to these requests. We are confident
the trial court will proceed in compliance with this opinion. The writ will issue only if the
trial court fails to take appropriate action in accordance with this opinion. 

 PETITION CONDITIONALLY GRANTED IN PART, AND DENIED IN PART. PER CURIAM

 

Submitted on November 8, 2007

Opinion Delivered January 31, 2008


Before McKeithen, C.J., Gaultney and Kreger, JJ. 
1. Overly broad requests are improper whether they request privileged information or
not. See In re Allstate Country Mut. Ins. Co., 227 S.W.3d 667, 670 (Tex. 2007) (noting that
because overly broad requests are improper whether they are burdensome or not, the
defendants did not have to detail why the requests were burdensome to preserve objection). 
A party may assert an objection that a request is overly broad under Rule 193.2, have that
objection ruled upon, and then make any assertion of privilege under Rule 193.3 in response
to properly tailored discovery requests, without waiving the privilege. In re Lincoln Elec.
Co., 91 S.W.3d 432, 437 (Tex. App.--Beaumont 2002, orig. proceeding).